**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4534**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

MARQUEIS D. LONGUS,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Robert E. Payne, Senior District Judge.  (3:04-cr-00254-REP-1)

Submitted: October 20, 2008      Decided: November 24, 2008

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Paul G. Gill, Assistant Federal Public Defenders, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Angela Mastandrea-Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marqueis D. Longus appeals the district court's judgment revoking his supervised release and imposing a sentence of twenty-four months' imprisonment. Longus alleges that his sentence is plainly unreasonable. For the following reasons, we affirm.

We will affirm a sentence imposed after revocation of supervised release if it is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). The sentence first must be assessed for reasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences[,] . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39; see United States v. Finley, 531 F.3d 288, 294 (4th Cir. 2008) ("In applying the 'plainly unreasonable' standard, we first determine, using the instructions given in Gall [v. United States, 128 S. Ct. 586, 597 (2007)], whether a sentence is 'unreasonable.'").

We affirm a sentence that is not unreasonable. Crudup, 461 F.3d at 439. Only if a sentence is found procedurally or substantively unreasonable will we "decide

2

whether the sentence is *plainly* unreasonable."[*]  Id.; see Finley, 531 F.3d at 294.  Although the district court must consider the Chapter 7 policy statements and the requirements of 18 U.S.C. §§ 3553(a), 3583 (2006), "the [district] court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum."  Crudup, 461 F.3d at 439 (internal quotation marks and citations omitted).

We have thoroughly reviewed Longus' sentence and find it to be procedurally and substantively reasonable.  Based on this conclusion, "it necessarily follows that" Longus' sentence is not "plainly unreasonable."  Crudup, 461 F.3d at 440; see Finley, 531 F.3d at 297.

Accordingly, we affirm the district court's judgment revoking Longus' supervised release and imposing a twenty-four month prison term.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] "[F]or purposes of determining whether an unreasonable sentence is plainly unreasonable, 'plain' is synonymous with 'clear' or, equivalently, 'obvious.'" Crudup, 461 F.3d at 439 (internal quotation marks, citation, and alteration omitted).